UNOX, Inc. v. Conway, 2019 NCBC 40.

STATE OF NORTH CAROLINA

GASTON COUNTY

UNOX, INC.,

        Plaintiff,

    v.

MICHAEL CONWAY; JAMES
EMMERSON; TECNOEKA, INC.; and
TECNOEKA, S.R.L.,

        Defendants.

IN THE GENERAL COURT OF JUSTICE
SUPERIOR COURT DIVISION
19 CVS 1331

**ORDER AND OPINION ON
PLAINTIFF'S OPPOSITION TO
DESIGNATION**

1.    **THIS MATTER** is before the Court on Plaintiff UNOX, Inc.'s ("UNOX") Opposition to Mandatory Complex Business Case Designation and Motion to Vacate Order of Designation ("Opposition"). (Pl. UNOX, Inc.'s Opp'n Mandatory Complex Business Case Designation & Mot. Vacate Order Designation [hereinafter "Opp'n"], ECF No. 9; *see also* Pl. UNOX, Inc.'s Br. Opp'n Mandatory Complex Business Case Designation & Supp. Mot. Vacate Order Designation [hereinafter "Opp'n Br."], ECF No. 10.) For the reasons set forth below, the Court **ALLOWS** the Opposition.

*Gray, Layton, Kersh, Solomon, Furr, & Smith, P.A., by William E. Moore, Jr. and Christopher M. Whelchel, for Plaintiff UNOX, Inc.*

*Bryan Cave Leighton Paisner LLP, by Benjamin F. Sidbury, for Defendants Tecnoeka, Inc. and Tecnoeka, S.R.L.*

*Marcellino & Tyson PLLC, by Clay Campbell, for Defendants Michael Conway and James Emmerson.*

Bledsoe, Chief Judge.

2.    This case arises out of a dispute between UNOX and its former employees, Michael Conway ("Conway") and James Emmerson ("Emmerson"). UNOX supplies

ovens for the food service industry. In late 2018, Conway and Emmerson defected and opened an American subsidiary of UNOX's Italian competitor, Tecnoeka, S.R.L., known as Tecnoeka, Inc. (together, the "Tecnoeka Defendants"). UNOX now believes that Conway and Emmerson took its confidential information in breach of non-disclosure agreements and gave that information to their new employer to gain an unfair competitive advantage.

3. UNOX initiated this action on April 3, 2019, asserting claims for breach of contract, breach of the implied covenant of good faith and fair dealing, breach of fiduciary duty, constructive fraud, and fraud against Conway and Emmerson; for tortious interference with contract against the Tecnoeka Defendants; and for tortious interference with prospective economic advantage, violation of the North Carolina Unfair and Deceptive Trade Practices Act, civil conspiracy and facilitating fraud, aiding and abetting, and punitive damages against all Defendants. The Complaint also requests preliminary and permanent injunctive relief. (*See* Compl., ECF No. 3.)

4. The Tecnoeka Defendants timely filed a Notice of Designation on May 2, 2019. (Notice Designation Mandatory Complex Business Case [hereinafter "NOD"], ECF No. 7.) They asserted that designation as a mandatory complex business case would be proper because this action raises material issues related to disputes involving antitrust law and trade secrets under N.C. Gen. Stat. §§ 7A-45.4(a)(3) and (8). (NOD 1–2.)

5. Based on the Notice of Designation, this case was designated as a complex business case by the Chief Justice of the Supreme Court of North Carolina on May 3,

2019, (Designation Order, ECF No. 1), and assigned by the undersigned to the Honorable Adam M. Conrad on the same day, (Assignment Order, ECF No. 2).

6. UNOX timely filed the Opposition on May 31, 2019, contending that the designation was not proper because its claims do not involve antitrust law or trade secrets. (Opp'n 2.) The Tecnoeka Defendants filed their Response to the Opposition on June 5, 2019. (Defs.' Resp. Pl.'s Opp'n Mandatory Complex Business Case Designation [hereinafter "Resp."], ECF No. 15.) This matter is now ripe for determination.

7. "For a case to be [designated] as a mandatory complex business case, the pleading upon which designation is based must raise a material issue that falls within one of the categories specified in section 7A-45.4." *Composite Fabrics of Am., LLC v. Edge Structural Composites, Inc.*, 2016 NCBC LEXIS 11, at *25 (N.C. Super. Ct. Feb. 5, 2016). "The inquiry of whether a case involves the requisite disputes falling with[in] the statutory requirements has not been historically confined to the actual causes of action asserted in a complaint[] but has also examined the underlying factual allegations." *Cornerstone Health Care, P.A. v. Moore*, 2015 NCBC LEXIS 65, at *7 (N.C. Super. Ct. June 22, 2015).

8. The Court begins with section 7A-45.4(a)(8), which permits designation of cases raising a material issue related to "[d]isputes involving trade secrets, including disputes arising under Article 24 of Chapter 66 of the General Statutes." The classic example of a dispute involving trade secrets is one for misappropriation of trade secrets. *See* N.C. Gen. Stat. § 66-153. On occasion, this Court has held that section

7A-45.4(a)(8) also reaches other types of claims, including contract claims, when the complaint puts the existence, ownership, or misuse of alleged trade secrets squarely in dispute. *See Union Corrugating Co. v. Viechnicki*, No. 14 CVS 6240, Order Opp'n Designation Action Mandatory Complex Business Case (N.C. Super. Ct. Sept. 9, 2014) (unpublished). But the Court has never construed the statute so broadly as to permit "designation of an action as a mandatory complex business case based on claims involving generalized confidential or proprietary information"—a fitting description of many claims for breach of restrictive covenants in employment agreements. *Cornerstone Health Care*, 2015 NCBC LEXIS 65, at *6.

9. UNOX's claims fall into this final category. UNOX alleges that Conway and Emmerson were subject to contractual restrictions not to misuse or disclose confidential and proprietary information and that they breached those restrictions by taking and using "product designs and materials, customer lists, techniques, business plans, strategic plans, marketing information and other business and financial information." (Compl. ¶ 26; *see also* Compl. ¶ 13.) UNOX further alleges that all Defendants engaged in unfair or deceptive trade practices by using the unlawfully obtained confidential information to gain a competitive advantage. (Compl. ¶ 84.)

10. Although the nondisclosure agreements include "trade secrets" as a category within the larger definition of UNOX's confidential or proprietary information, (Compl. ¶ 7), the Complaint does not purport to assert a claim for trade-secret misappropriation, nor does it allege that any of UNOX's information at issue in this action is subject to trade-secret protection. In the absence of such allegations, the

asserted claims appear to be based on the misuse of generalized confidential or proprietary information. Thus, nothing in the Complaint "suggest[s] that the dispute will require the Court to resolve material issues involving trade secrets[.]" *Stay Alert Safety Servs., Inc. v. Pratt*, 2017 NCBC LEXIS 101, at *5–6 (N.C. Super. Ct. Nov. 1, 2017).

11. The Tecnoeka Defendants insist that this is not a garden-variety dispute about a restrictive covenant in an employment agreement. They contend that UNOX drafted its claim under N.C. Gen. Stat. § 75-1.1 to include a freestanding claim for misappropriation of confidential information that is identical to a claim for misappropriation of trade secrets, other than carefully replacing "trade secrets" with "confidential and proprietary information." (Resp. 1.) In their view, "there is no way to prosecute or defend this case without treating [it] as a trade secret dispute." (Resp. 5.)

12. The Court disagrees. The plaintiff is the master of its complaint and free to choose which causes of action it will bring. Here, UNOX chose to allege the misuse of confidential information without also alleging or seeking to establish that the information qualifies as a trade secret. Perhaps UNOX could have pressed for trade-secret protection for some or all of the alleged confidential information at issue, but it did not, and this Court will not designate a case under section 7A-45.4 "merely because the pleadings include factual allegations that arguably touch upon facts that, when read together with other allegations, might have been a basis for a claim that

the plaintiff chose not to allege." *Market Am., Inc. v. Doyle*, No. 15 CVS 9658, Order at 3 (N.C. Super. Ct. Feb. 29, 2016) (unpublished).

13.    In reaching this decision, two points bear emphasis. First, the Court does not hold that designation under section 7A-45.4(a)(8) depends on the appearance or absence of magic words—such as "trade secret"—in the complaint. Rather, the question is whether the complaint puts the existence, ownership, or misuse of alleged trade secrets at issue. As discussed, even though "trade secrets" are included within the nondisclosure agreements' definition of "confidential or proprietary information," UNOX's claims in this case do not require or rely on a showing that its confidential information qualifies as a trade secret. *See Stay Alert*, 2017 NCBC LEXIS 101, at *5–6; *see also Cornerstone Health Care*, 2015 NCBC LEXIS 65, at *3–5.

14.    Second, this is not an invitation to gamesmanship. The decision to assert one cause of action and to leave out another is one that carries with it meaningful and lasting consequences, affecting the elements of proof and the scope of available remedies, among other things. It may even be true, as the Tecnoeka Defendants argue, that "misappropriation of confidential information is not a recognized claim under North Carolina law." (Resp. 5 n.3.)[1] Put simply, having made the strategic

---

[1] The Court need not and does not opine on whether there is a cause of action for misappropriation of confidential information that is not subject to trade-secret protection. *See Edgewater Servs., Inc. v. Epic Logistics, Inc.*, 2011 N.C. App. LEXIS 2494, at *8 n.2 (N.C. Ct. App. Dec. 6, 2011) (unpublished) (questioning the existence of such a claim). If the Tecnoeka Defendants are correct on that point, they may have a basis for a motion to dismiss for failure to state a claim. Regardless, this Court may not convert the claim actually alleged by UNOX into a claim for misappropriation of trade secrets either to save it or to shoehorn it into section 7A-45.4(a)(8).

choice to avoid application of trade secret laws, UNOX must now take the good with the bad.

15.     Accordingly, the Court concludes that this action does not involve a material issue related to a dispute involving trade secrets. *See Stay Alert*, 2017 NCBC LEXIS 101, at *6; *COECO Office Sys., Inc. v. Rowland*, No. 16 CVS 9021, Order Regarding Designation at 1–2 (N.C. Super. Ct. Aug. 26, 2016) (unpublished); *Market Am.*, No. 15 CVS 9658, Order at 3–4.

16.     Next, the Court turns to N.C. Gen. Stat. § 7A-45.4(a)(3), which permits designation of actions involving a material issue related to "[d]isputes involving antitrust law, including disputes arising under Chapter 75 of the General Statutes that do not arise solely under G.S. 75-1.1 or Article 2 of Chapter 75 of the General Statutes." The Tecnoeka Defendants argue that UNOX's claims for "anti-competitive conduct and activities, as well as an anticompetitive conspiracy," support designation under section 7A-45.4(a)(3). (NOD 4.) UNOX argues that designation under section 7A-45.4(a)(3) is improper because neither common law unfair competition claims nor claims arising under Chapter 75 trigger designation, and the Complaint does not otherwise implicate antitrust law. (Opp'n Br. 3–7.)

17.     UNOX is correct. This Court has not historically designated cases based on restrictive covenants in the employment context under section 7A-45.4(a)(3) unless "they included additional claims of trade-secret misappropriation or . . . they asserted claims of unfair competition before unfair-competition claims were excluded by amendments to section 7A-45.4." *Van Gilder v. Novus Techs., Inc.*, 2017 NCBC

LEXIS 46, at \*2–3 (N.C. Super. Ct. May 24, 2017) (citing *Cornerstone Health Care*, 2015 NCBC LEXIS 65, at \*6–7).  Having decided that this action does not involve a dispute regarding trade secrets, the Court concludes that designation under section 7A-45.4(a)(3) is improper.

18.    **WHEREFORE**, the Court concludes, having considered the NOD, the Complaint, and the arguments of counsel in support of and in opposition to designation, that this action does not qualify as a mandatory complex business case under either section 7A-45.4(a)(3) or section 7A-45.4(a)(8), and the Opposition is therefore **ALLOWED**.  This action should proceed on the regular civil docket of the Gaston County Superior Court.

19.    The Court's ruling is without prejudice to the right of any party other than the Tecnoeka Defendants, if timely, to seek designation of this matter as a mandatory complex business case as provided under section 7A-45.4.

**SO ORDERED**, this the 28th day of June, 2019.


/s/ Louis A. Bledsoe, III
Louis A. Bledsoe, III
Chief Business Court Judge